IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE: Walter Salcedo
      Alma Salcedo  )  Case No. 11-01273
        )  Judge: Schmetterer
DEBTOR(S)  )  Chapter: 13
  )

Walter Salcedo
Alma Salcedo  )  Adversary 11-00370
  )  Judge: Schmetterer
Plaintiff  )
  )
Vs.

Bank of America

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default judgment, the following facts and conclusions of law will be made and entered:

**Findings of Fact:**

1. The Debtors, Walter and Alma Sacedo filed Chapter 13 Bankruptcy on January 13, 2011. The Debtors own their home at 2949 West Merrimac Ave., Chicago IL 60634. The Debtors scheduled the value of their residence at $149,000. The home is subject to a first mortgage with Citimortgage Inc. and a junior mortgage with Bank of America.

2. The amount of the first mortgage with Citimortgage Inc is $224,630, and the amount of the junior mortgage with Bank of America is $75,203.

3. On January 13, 2011 a Chapter 13 plan was filed providing for payment by the Debtors to the Trustee for 60 months with unsecured creditors receiving 17% of their filed claims and with a step payment of $100 for the first 12 months of the plan and then stepping payments up to $400 for the remainder 48 months of the plan.

4. ~~On May 31, 2011, the Plaintiffs will present a motion for entry of default judgment.~~

5. The secured claim of Citimortgage Inc in an amount of at least $224,630, exhausts the equity in the Debtors' residence, and there is no equity to support the claim of the second mortgage of Bank of America.

**Conclusions of Law:**

1. The claim of Citimortgage Inc, in an amount of at least $224,630 is secured by a first priority lien in the Debtors' residence.

2. The mortgage of Bank of America in the amount of $75,203 is second in priority, junior to the lien of Citimortgage Inc.

3. As there is no equity to support the second priority lien of Bank of America, the said creditor's claim is not a claim secured soley by a security interest in the Debtors' principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtors' plan legitimately modilfy the rights of the creditor.

4. The Court's conclusion, that the Bankruptcy Court has the authority to strip off a wholly unsecured junior mortgage, is the majority position amoung Courts that have addressed the question, and is supported by First Bank, Inc, v. Van Wie, 203 WL 1563959 (S.D. Ind. 2003), which holds as follows:

[T]he clear weight of Appellate authority favors the Bankruptcy Court's authority to strip off a wholly unsecured junior mortgage. See In re Bartee, 212 F. 3d 277, 288-89 & nn. 15-18 (5th Cir. 2000). The majority held "that the antimodification exception is triggered only when there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." In re Pond, 252 F.3d 122 (2d Cir. 2001). The seven Federal Circuits or Circuit Bankruptcy Appellate panels to rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within the Circuit, one Bankruptcy Court, In re Waters, 276 B.R. 879 (Bankr. N.D. Ill 2002) and one District Court, In re Holloway, 2001 1249053 (N.D.ILL 2001), adopted the majority view and one Bankruptcy Court, In re Barnes, 207 B.R. 588 (Bankr. N.D. ILL 1997), adopted the minority view that even wholly unsecured junior mortgages are protected by §1322(b)(2)." First Bank, Inc., Van Wie, 2003 WL 1563959, p3.

ENTER:

Jack B. Schmetterer

6/21/11

John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Road. #C
Schaumburg, IL 60173
Phone: 847.843.8600